UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROMAN FRENCH, )
)
          Petitioner, )
)
     v. )    No. 2:17-cv-00537-JMS-MJD
)
DICK BROWN, )
)
          Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

Roman French's petition for a writ of habeas corpus challenges his disciplinary conviction in WVCF 17-08-0020 on August 11, 2017. For the reasons explained in this Entry, Mr. French's habeas petition must be **denied**.

    A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

According to Mr. French, on August 6, 2017, Sgt. Vrzina and Officer Roessler came to his cell. Mr. French and his cellmate, Mr. Cannon, were present at the time. The inmates were told that the officers were going to shake them down and directed the inmates to exit the cell. Mr. French explains that there was no reason to search the cell and that this action was taken to harass the inmates because Sgt. Vrzina and Mr. French do not like each other. Five minutes into the search, Sgt. Vrzina approached the inmates with two empty containers and asked who they belonged to. Mr. Cannon indicated that the containers belonged to him. Sgt. Vrzina asked if either had been drinking and both inmates said no. Sgt. Vrzina stated that the containers had the odor of an intoxicant. At that time, inmate Mr. Cannon explained that the bottles did not contain an intoxicant, but did contain apple juice from the day before. Sgt. Vrzina continued shaking down the cell and after about ten minutes again asked Mr. French and Mr. Cannon if either of them had been drinking. Mr. French responded in a sarcastic tone of voice that maybe he was tipsy, maybe he wasn't. Sgt. Vrzina became upset and stated that because Mr. French wanted to be a "smart ass," he would write both inmates up for possession of an intoxicant for the two empty containers. Mr. French then asked for a breathalyzer test to prove he had not been drinking. Sgt. Vrzina said that was not necessary because he was writing the inmates up for possession of an intoxicant and not for being under the influence of an intoxicant. See dkt. 10 (Memorandum in support of reply).

The disciplinary record is not inconsistent with Mr. French's version of events. That record reflects the following. On August 6, 2017, Sergeant Vrzina wrote a Conduct Report charging Mr. French with B-231, making, possessing, or being under the influence of intoxicants. The Conduct Report states:

2

> On 8/6/17 at approx. 1:50 pm I, Sgt. Vrzina, along with Ofc. Roessler conducted a cell search of GHU 105. During the search I located two plastic containers that were empty but still had the odor of an intoxicant. When I confronted Offender French about drinking he did state that he was tipsy and had drank a little bit of wine. Offender French, Roman #900271 and Offender Cannon, Joseph #221230 reside in GHU 105.

Dkt. 8-1. The conduct report listed Officer Roessler as a witness and indicated that the confiscated property was forwarded to Master Control. The confiscated property was photographed. *See* dkt. 8-3 (photo of Folgers can and clear bottle).



Dkt. 8-3 at p. 1 (image modified for sizing purposes).

> Officer Roessler wrote the following statement in support of the conduct report:
>
> On 8/6/17 at approximately 1:50 PM I, Ofc. Roessler, did witness Sgt. Vrzina locate two empty bottles having the odor of an intoxicant in GHU 105. When Sgt. Vrzina confronted Offender French, Roman #900271 about drinking he stated that he was tipsy and that he had drank a little bit of wine. Offender French, Roman #900371 [sic] and Offender Cannon, Josef #221230 reside in GHU 105[.]

Dkt. 8-2.

Mr. French was notified of the charge on August 8, 2017, when he received the Screening Report. He pleaded not guilty. Mr. French requested Sgt Vrzina as a witness to confirm that Mr. French had requested, but had been refused a breathalyzer test. Dkt. 8-5. Mr. French also requested permission to enter two witness statements, although he did not specify who would make those statements.

That same day, the screening officer sent an email to Sgt. Vrzina asking whether Mr. French had requested a breathalyzer test; Sgt. Vrzina responded that Mr. French "may have requested" a breathalyzer, but that Vrzina "did not deem it necessary." Dkt. 8-7.

Mr. Cannon provided a statement that reflects that the bottles belonged to him and were used to store apple juice that he obtained from the cafeteria and consumed during his exercise routine. Mr. Cannon also stated that Mr. French requested a breathalyzer, but that Sgt. Vrzina would not give him one and that Mr. French's comment about being tipsy was made sarcastically. Dkt. 8-1.

Mr. French also submitted a statement from offender Spivey, who stated that Mr. Cannon claimed ownership of the bottles; that Mr. Cannon and Mr. French said that the bottles had contained apple juice; that Mr. French sarcastically said he was tipsy; and that Mr. French requested a breathalyzer test, but Sgt. Vrzina refused to administer one. Dkt. 8-9.

Disciplinary Hearing Officer (DHO) Chapman held a hearing on August 11, 2017. Mr. French pleaded not guilty and stated, "I didn't drink anything. I was being a smart ass. The bottles weren't mine." Dkt. 8-6. DHO Chapman found Mr. French guilty based upon the staff reports, the offender's statements, the confiscation form, and the photo. The DHO sanctioned Mr. French with a written reprimand and a 45-day loss of earned good-time credit.

Mr. French appealed to the Facility Head and the Indiana Department of Correction Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

Mr. French argues that he is entitled to relief because the evidence was insufficient to find him guilty.

Mr. French was charged with "Intoxicants" offense B-231, which prohibits "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Adult Disciplinary Process Appendix I: Offenses, at 7 (June 1, 2015), available at www.in.gov/idoc/3265.htm (visited Aug. 21, 2018). IDOC policy defines "intoxicating substance" as "[a]nything which if taken into the body may alter or impair normal mental or physical functions, not including tobacco." Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, § III(V), at 5 (June 1, 2015), available at www.in.gov/idoc/3265.htm (visited Aug. 21, 2018). An object is possessed if it is "on one's person, in one's quarters, in one's locker or under one's physical control." Disciplinary Code for Adult Offenders, supra, § III(BB), at 5.

Mr. French's challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some

5

evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. French argues that there was no evidence linking him to the empty bottles or that the bottles ever contained an intoxicant. In support, he cites *Hayes v. McBride,* 965 F. Supp. 1186 (N.D. Ind. 1997). In *Hayes,* the petitioner was granted habeas relief because there was insufficient evidence to conclude that the substance at issue was actually an intoxicant. Mr. French argues that the evidence relied on by the DHO–Mr. French's statement, staff reports, witness statements, photo and confiscation form–do not support the conviction. Instead, Mr. French argues that the evidence reflects that the bottles belonged to his cellmate, and that his sarcastic remark should not have been considered.

Unfortunately for Mr. French, the DHO was not required to accept his version of events and the district court's analysis in *Hayes* is not controlling in this case. Notably, after *Hayes* was decided, the Seventh Circuit stated that the Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999). No testing of the bottles or Mr. French's intoxication level through a breathalyzer test was required. Nor would a breathalyzer test have been exculpatory of whether he possessed an intoxicant.

Instead, there was some evidence that Mr. French possessed an intoxicant that was previously held in the plastic bottles found in his cell. Who owned the bottles is not dispositive. For example, the Seventh Circuit has held that a weapon found in an inmate's living area, even though the living area was shared with a few other inmates, is "some evidence" of guilt of

6

possession of a weapon and is sufficient to support such a finding. *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir.1992) (holding that an inmate constructively possessed a weapon found in his cell that he shared with three other inmates); *see also House v. Daniels*, 637 Fed. Appx. 950, 951 (7th Cir. 2016) (holding that "some evidence" existed because the evidence did not rest on "shared access alone" but also additional evidence increasing the likelihood that the specific petitioner was actually guilty).

In addition, the report of conduct and officer's witness statement are based on firsthand knowledge. Both officers were physically present at the time of the search when the bottles were found in Mr. French's cell and stated that the bottles smelled like an intoxicant. It is quite possible that the bottles held only day old apple juice, but it is equally possible that the bottles held an intoxicant. Similarly, it is possible that Mr. French's comment that he might be tipsy was simply a joke and should have been understood as such. It is equally possible that the officers understood this comment to be evidence of Mr. French's guilt and that Mr. French is simply now claiming he did not really mean what he said. Either way, the comment cannot be understood to be exculpatory.

"Prison disciplinary boards are entitled to resolve conflicts in the stories presented to them, as long as some evidence supports the decision." *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir.2006) (quotation marks and citation omitted). It was for the DHO to weigh the conflicting stories and determine which was credible—the DHO deemed the conduct report to be credible. *Henderson*, 13 F.3d at 1078 (explaining that the DHO was not required to believe the petitioner's version of events).

Mr. French's other challenges to his conviction are denied because they are outside the scope of this review. For example, Mr. French challenges how his appeal was reviewed. There is

7

no constitutional right to an administrative appeal, let alone an effective one. In addition, any violation of IDOC policy is insufficient to create an entitlement to habeas relief. A violation of IDOC policy is nothing more than a violation of state law, for which federal habeas relief is unavailable. *See, e.g., Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008); *Hester v. McBride*, 966 F. Supp. 765, 774–75 (N.D. Ind. 1997); see also *Swarthout v. Cooke*, 562 U.S. 216, 219–22 (2011) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). DOC policy does not give inmates the right to require IDOC staff to test him for intoxicants.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. French to the relief he seeks. Accordingly, Mr. French's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/27/2018

*[Signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROMAN FRENCH
900271
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov